SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
GREGORY F. HURLEY, Cal. Bar No. 126791
ghurley@sheppardmullin.com
650 Town Center Drive, 4th Floor
Costa Mesa, California 92626-1993
Telephone: 714.513.5100
Facsimile: 714.513.5130

Attorneys for Defendant Michaels Stores, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| BLANCA ORTIZ AND CARMEN PELAYO, | Case No. 2:15-CV-06251 |
| --- | --- |
| Plaintiffs, | Judge: Hon. Dale S. Fischer |
| v. | **SUPPLEMENTAL RESPONSE TO ORDER TO SHOW CAUSE RE: SANCTIONS** |
| AMERICAN FLORISTS' EXCHANGE, LTD.; MICHAELS STORES, INC.; AND DOES 1-10;, | |
| Defendants. | |

I, Gregory F. Hurley, counsel for Defendant Michaels Stores, Inc. ("Defendant"), hereby provide this supplemental response pursuant to this Court's Order dated September 22, 2015. (Dkt. 13). I appreciate the opportunity to further respond to this Court's inquiry regarding this rather interesting and unresolved jurisdictional question.

*First*, I will address the Court's questions regarding the interplay between the case law cited in my original response (Dkt. 11) and the Supreme Court decisions in *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005) and *Gunn v. Minton*, 133 S.Ct. 1059 (2013).

When it enacted Title III of the Americans with Disabilities Act ("ADA"), Congress explicitly provided private plaintiffs with a right of action to enforce the ADA as to barriers to access in places of public accommodation. *See* 42 U.S.C. § 12188. In doing so, Congress granted federal district courts the power to order injunctive relief in order to enforce the barrier removal provisions of the ADA. *Id*. As recognized by the Ninth Circuit, private enforcement through litigation is one of the primary methods to effectuate compliance with the ADA and provide greater accessibility to disabled persons. *See, e.g,. Doran v. 7-Eleven, Inc.*, 524 F.3d 1034, 1039 (9th Cir. 2008). Under the ADA, the only remedy available to private plaintiffs is injunctive relief. *See, e.g., Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002); 42 U.S.C. § 12188.

Following the ADA's enactment, lawmakers in the state of California decided to modify California's Unruh Civil Rights Act ("Unruh Act") to incorporate the ADA. *See Munson v. Del Taco, Inc.*, 46 Cal. 4th 661, 668-69 (2009). As a result, in California, any violation of the ADA also constitutes the grounds for a violation of the Unruh Act. Similarly, courts have held that a violation of the ADA also constitutes grounds for a violation of the California Disabled Persons Act ("DPA"). In California, violations of these state-law statutes not only entitle successful private

1  plaintiffs to injunctive relief, but also statutory damages (assuming they can show
2  the additional state-law elements required for the awarding of damages).
3  　　　The interplay between these respective statutes is still developing.  For
4  instance, the California Supreme Court just a few years ago answered the question
5  (in the negative) of whether a private plaintiff was required to demonstrate intent to
6  recover damages under the Unruh Act where the claim was premised upon a
7  violation of the ADA.  *See Munson*, 46 Cal. 4th at 678.
8  　　　What is clear, however, is that <u>a claim for injunctive relief under the Unruh
9  Act or the DPA is identical to a claim for injunctive relief under the ADA where the
10 claim is solely premised upon a violation of the ADA</u> (and not a separate state law
11 standard, code, or regulation).
12 　　　With this framework as a background, the multi-part test for federal
13 jurisdiction enunciated in *Grable* and expanded upon in *Gunn* is met for the claim at
14 issue here.  According to the Supreme Court in *Gunn*, "federal question over a state
15 law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed,
16 (3) substantial, and (4) capable of resolution in federal court without disrupting the
17 federal-state balance approved by Congress."  133 S.Ct. at 1065.  Each of these
18 factors is satisfied in this action.
19 　　　　　　1.　　Necessarily Raised
20 　　　Plaintiffs' complaint expressly states that Defendant was violating <u>42 U.S.C.
21 § 12182</u> (Title III of the ADA) and <u>28 C.F.R. § 36.304</u> (the federal "readily
22 achievable" regulation).  (Dkt. 1-1 at ¶ 5).  As a result, Plaintiffs' claim that, based
23 on violations of these federal statutes and regulations, Defendant is liable for
24 violation of the Unruh Act, California Civil Code Section 51(f).  (*Id*.).  For these
25 alleged violations, Plaintiffs seek *injunctive relief*, alongside monetary damages.
26 (*Id*. at Prayer).
27 　　　More specifically, the facility at issue in this case is at the historical Los
28 Angeles Flower Market.  Per its website, the flower market has been serving

-2-

Southern California since the 1920s. As a result, it long pre-dates the ADA and California access laws by decades with no recent structural upgrades. Therefore, Plaintiffs' claims for "violations" at this property will likely be based on the ADA's readily achievable barrier removal provision. California law does not have a corresponding readily achievable barrier removal requirement. *E.g. Dowling v. MacMarin, Inc.*, 156 F.3d 1236 (9th Cir. 1998) (Unruh Act did not incorporate the "readily achievable" standard of the ADA); Civ. Code 51(d).

Indeed, Plaintiffs' complaint appears to concede this issue by its allegation that: "Removing the architectural barriers referenced hereinafter, *i.e.*, the poles blocking the Plaintiffs' independent entrance into and exit from Moskatels, would have been readily achievable for Defendants (easily accomplishable and able to be carried out without much difficulty or expense)." (Dkt. 1-1 at ¶ 4). Plaintiffs' Complaint also cites to the federal barrier removal regulation (28 C.F.R. § 36.304). (Dkt. 1-1 at ¶ 5). Therefore, Plaintiffs *must* necessarily rely on a theory of liability that only exists under the ADA statute.

### 2. <u>Actually Disputed</u>

As discussed above, one of the primary points of contention in this litigation will likely be whether removal of the architectural barriers alleged in Plaintiffs' complaint will be "readily achievable." Therefore, this element is easily satisfied.

### 3. <u>Substantial</u>

According to the Supreme Court, "the substantiality inquiry under *Grable* looks instead to the importance of the issue to federal system as a whole" and not to the significance of the immediate issue contested by the parties. *Gunn*, 133 S. Ct. at 1066. Therefore, this is a broad inquiry that is not necessarily focused on the question immediately facing the parties, but upon the impact of this jurisdictional question on the federal system as a whole.

There can be no dispute that resolution of the injunctive relief portion of a claim that is premised upon the ADA is of substantial importance to the federal

system. Congress specifically designed the ADA around the idea that access for persons with disabilities would be enhanced through resolution of access claims by private litigants in the federal courts. In effect, federal policy is to effectuate improved access for persons with disabilities by permitting private litigants to resolve their claims in federal court where a plaintiff has alleged a violation of the ADA.

In fact, Congress explicitly stated that one of the purposes in passing the ADA was "to ensure that the *Federal government plays a central role in enforcing the standards established in this act* on behalf of individuals with disabilities." 42 U.S.C. § 12101(b)(3) (emphasis added). It would run contrary to this expectation for the federal courts to cede enforcement of the ADA to the states.

The situation here is directly opposite to the circumstances of the *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L.ED.2d 650 (1986) opinion discussed in *Grable*. In *Merrell Dow*, the Supreme Court held that a state law tort claim that rested on a violation of a federal misbranding law did not confer federal question jurisdiction despite the fact the claim would necessarily involve resolution of a federal question because <u>Congress had not provided a private federal cause of action for violation of the federal branding requirement</u>. *Id*. at 812, *Grable*, 545 U.S. at 316.[1] The Supreme Court found it would flout Congressional intent to conclude that federal courts would otherwise exercise jurisdiction in such circumstances. *Id*.

The Ninth Circuit's decision in *Wander* is in accord with this principle because it declined to extend federal jurisdiction to state law claims for *damages* that were premised upon the ADA because Congress did *not* create a federal cause of action for damages based on ADA violations. *Wander*, 304 F.3d at 859.

---

[1] Similarly, at issue in *Grable* and *Gunn* were two state law private rights of action that do not exist under federal law (quiet title and a legal malpractice claim).

By contrast here, Congress has expressly provided a private right of action to private plaintiffs for an alleged violation of the ADA to seek injunctive relief. It would flout Congressional intent to divest the federal court of jurisdiction of a claim for injunctive relief under the ADA where one was expressly provided.

Put another way, this inquiry might ask: Can a state effectively divest a federal court of jurisdiction by enacting an identical private a right of action incorporating a federal law and permitting that action to be brought in state court? The answer must be no. Otherwise, Congressional intent for the federal courts to decide and determine that private right of action would be thwarted. Not only are there immediate policy concerns about ensuring access for persons with disabilities and consistent enforcement of access regulations by vesting that responsibility with the federal courts, but there is a constitutional concern about permitting state legislatures to override Congressional intent and divest federal courts of original jurisdiction to hear certain claims.

This issue was identified by the District Court in *Pickern v. Best Western Timber Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128 (E.D. Cal. 2002). In holding that federal question jurisdiction must exist in circumstances such as those present here, the *Pickern* court reasoned:

> State law provides for injunctive relief as well as damages, *see* Cal. Civ. Code § 52.1(b), and it is possible for a state law claim for injunctive relief to be premised solely on a violation of the ADA. Such a claim would be no different from a federal ADA claim. Federal question jurisdiction must exist in those circumstances. Simply by incorporating the ADA into state law, <u>state legislatures cannot divest the federal courts of original jurisdiction over state claims that are, for all intents and purposes, federal ADA claims</u>. State claims for damages, on the other hand, are not identical to federal ADA claims for

    injunctive relief. Thus, federal courts would have original
    jurisdiction over state claims for injunctive relief, and
    supplemental jurisdiction over state claims for damages.

*Id*. at 1132 n.5 (emphasis added).

  Therefore, the interest in the federal system of being able to retain jurisdiction of claims that Congress expressly authorized and directed the federal courts to hear is of "substantial" importance to the federal system as a whole.

    4. <u>Capable of Resolution in Federal Court without Disrupting the Federal-State Balance Approved by Congress</u>

  This final requirement "is concerned with the appropriate 'balance of federal and state judicial responsibilities.'" *Gunn*, 133 S.Ct. at 1068. In *Wander v. Kaus*, 304 F.3d 856, the Ninth Circuit struck the balance between resolving these claims by allocating responsibility of the damages claims under California law to the state court – but only once the injunctive relief claims are resolved. This pattern has been consistently followed by federal district courts in California ever since. In practice, this permits the federal courts to ensure that public accessibility issues are actually addressed through the injunctive relief portion of a claim and leaving the secondary question of whether a particular plaintiff is entitled to damages to the state courts (as that remedy is exclusively available under state law).

  Similarly here, Plaintiffs' injunctive relief claims here are capable of resolution by the federal court and, if the injunctive relief claims are moot before trial, the damages claims can be resolved by the state court if the federal court elects to decline supplemental jurisdiction. The recognition of this possibility is precisely why the court in *Fontano* determined that it was at the very least arguable that the federal courts would have jurisdiction over a state law claim for injunctive relief where it was premised on the ADA. *Fontano v. Little Caesar Enterprises, Inc.*, 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010) ("Without any evidence that Plaintiff's claim for injunctive relief was moot at the time Defendant removed the case to

federal court, it is at the very least arguable that this Court had federal-question jurisdiction over Plaintiff's section 51(f) claim.").

Therefore, each of the four factors is satisfied and would have permitted the Court to retain jurisdiction here. At the very least, the question is still very much being actively litigated in this district.

For instance, in *Jackson v. Yoshinoya Am., Inc.*, 2013 WL 865596 (C.D. Cal. Mar. 7, 2013), another defendant attempted to remove a state law disability access claim where a plaintiff sought both injunctive relief and damages. Following removal, the plaintiff filed a motion to remand. In its opposition, the defendant asserted arguments similar to those made by counsel here. In that case, the court found that federal jurisdiction was lacking because plaintiff in *Jackson* (1) premised his state law claim for injunctive relief solely on state law violations, and (2) it was possible for the court to award relief without *necessarily* deciding a federal issue.[2]

After remanding the case, the *Jackson* court addressed plaintiff's request for attorneys' fees incurred in filing the motion to remand. The *Jackson* court declined to award fees because it found defendant's argument for removal was objectively reasonable and stated:

> Given the manner in which the complaint was drafted, referencing at various points the ADA and the ADA Accessibility Guidelines promulgated pursuant thereto, and given the dicta in *Pickern*, <u>the court concludes that defendants had an objectively reasonable basis for removing</u> under 28 U.S.C. § 1331.

*Id.* at *12 (emphasis added).

---

[2] By contrast here, Plaintiffs are pleading a claim based upon the readily achievable standard that exists solely under federal law.

1  Therefore, counsel again respectfully submits that it is not appropriate to
2  sanction counsel for advocating a position that remains unsettled even if the Court
3  disagrees with counsel's asserted argument.

4  *Second*, I will address the Court's concerns regarding the removal of other
5  actions that I have handled.

6  I have devoted my practice for the last 20 years to the defense of disability
7  access discrimination claims.  As the Court noted, there is no question that ADA
8  access claims arise frequently in federal litigation and there are no shortage of
9  plaintiffs alleging violations. As a result, I defend a high volume of claims.

10  One of the first issues decided in any litigation is where the appropriate
11  jurisdiction is for a particular claim.  As removing the case from state to federal
12  court is an option, but not a requirement, for the defendant, I am frequently required
13  to advise my clients about the decision to remove a case.  In many cases, the client
14  has chosen not to seek removal and has opted to litigate in state court.  In some
15  cases where the client has elected to seek removal of similar actions, the plaintiff
16  nor the court have challenged jurisdiction following removal.

17  In the situations where the court or a particular plaintiff challenges the
18  decision to remove, I am also required to advise my clients about whether to contest
19  the removal or stipulate to remand when the issue is raised.  Clients have chosen not
20  to contest the removal for a number of reasons, not the least of which is that winning
21  would mean having the case litigated in a court that believed that it should not hear
22  the case.  In other cases, clients have simply decided it was not worth the resources
23  to fight the issue or have preferred to engage in settlement discussions.  Each
24  decision was made on case-by-case basis based on the preferences of the client and
25  the facts and circumstances of the underlying litigation.

26  Regarding the format of my removal papers, I have typically identified, as
27  here, the basis for removal as an action alleging violations of the ADA and the fact
28  that I believed this case alleged violations that exclusively exist under federal law.

28 U.S.C. § 1446(a) simply requires that the notice of removal must contain "a short and plain statement of the grounds for removal" and is similar to the burden placed on plaintiffs in pleading jurisdictional allegations. *See also Dart Cherokee Basin Op. Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

The notice of removal filed in this action noted the jurisdictional statute and plainly states that "it appears from the Complaint that this is a civil rights action alleging violations of the [ADA]." (Dkt. 1 at ¶¶ 3-4). As recognized by the courts in *Jackson, Fontano,* and *Pickern*, it is at the very least plausible that federal jurisdiction exists here under these facts. I am not aware of an additional requirement to plead the legal theory of jurisdiction in the notice of removal. However, I appreciate the Court's concern regarding the notice of removal filed in this case and understand the need to fully apprise the Court of a claimed jurisdictional ground.

Please let me know if the Court has any other questions or concerns regarding this matter.

Dated: September 28, 2015

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     /s/ Gregory F. Hurley
        GREGORY F. HURLEY

Attorneys for Defendant Michaels Stores, Inc.